DODGE ET AL. v. THE CITY OF COUNCIL BLUFFS ET AL.

1. **Corporations:** FOREIGN: POWERS OF. The powers possessed by a foreign corporation, organized for the purpose of supplying water for municipal and other purposes, are not restricted to the State in which it is incorporated, but it may extend its operations and do business and acquire interests in other States. although not expressly authorized so to do by the laws of the State where incorporated.

2. **Municipal Corporations:** FOREIGN CORPORATIONS: POWER TO CONDEMN PROPERTY. A municipal corporation has authority, under sections 471-4. Code, to contract with a foreign corporation for the construction of water-works, and where it does so contract such foreign corporation. under the statute and a proper ordinance, may have power to condemn and appropriate private property necessary for the works.

3. ——: ——: POWER OF STATE TO CONTROL. The fact that the State of Iowa has reserved control over its own corporations, and cannot control foreign corporations, will not prevent the transaction of all ordinary business in the State by foreign corporations, nor prohibit them from appropriating private property when necessary.

4. ——: WATER-WORKS: EXCLUSIVE RIGHT. The plaintiffs, as mere taxpayers, cannot raise the question whether the city had power to grant by ordinance to one company, the exclusive right to construct and operate water-works.

5. ——: ORDINANCE: ASSIGNMENT OF RIGHT. Where the ordinance granting the right to construct water-works provided that the company might assign all its rights and privileges, the provision. if void, would not affect the right of the company to proceed with the work.

6. ——: EQUITY: CONTINGENT INJURIES. Courts of equity are not

bound to prevent possible or contingent injuries, and a provision of the ordinance that if the special tax was inadequate to pay the water rentals the deficit should be paid from the general revenues, will not warrant interference.

7. **Injunction:** ORDINANCE: PUBLICATION. An injunction cannot be maintained merely on the ground that the ordinance had not been published for the length of time provided by the city charter.

*Appeal from Pottawattamie District Court.*

MONDAY, DECEMBER 19.

ACTION for an injunction to restrain the defendants from enforcing and carrying out a certain ordinance providing for supplying the city of Council Bluffs with water. The petition shows that the defendants, other than the city of Council Bluffs are members, officers, and agents of the American Construction Company, incorporated under the laws of New York for the purpose of supplying water for municipal and other purposes; that the company has no office or place of business or agency outside of the State of New York; that in January, 1881, the common council of the defendant city passed an ordinance conferring upon the company the exclusive privilege of laying pipes under the streets and alleys of the city, and of supplying the city and its inhabitants with water for fire protection, for manufacturing purposes and domestic use; that the ordinance purports to bind the city for the payment of money as water rental; that the company has accepted the terms of the ordinance; and that unless restrained the company will proceed to carry into effect the provisions of the ordinance by the construction of water-works and the city will, under the ordinance, levy taxes and impose great financial burdens upon the tax-payers of the city, among whom are the plaintiffs. The petition avers that the ordinance is void; that it has never been duly published; that it contains illegal provisions and is grossly inequitable; that it provides for payments outside of the special tax authorized by law for the payment of water rentals; and that it is in violation of the constitution

and legislative policy of Iowa. The petition further avers that the laws of New York do not authorize the formation of corporations for the construction of water-works outside of that State, and that the company whose officers are sought to be restrained has no power to enter into a contract with the defendant city under the ordinance.

To the petition the defendants demurred on the ground that it does not appear that the ordinance is void, and furthermore, if it is, it does not appear that the plaintiffs are threatened with such injury that they are entitled to an injunction.

The court sustained the demurrer, and the plaintiffs electing to stand upon their petition, judgment was rendered dismissing the petition. The plaintiffs appeal.

*Clinton, Hart & Brewer* and *Sapp & Lyman*, for appellants.

*Wright & Baldwin* and *G. A. Holmes*, for appellees.

ADAMS, CH. J.—It is not claimed that the defendant city has no power to provide by ordinance for the construction of water-works. It would be conceded that it has the

1. CORPORA-
TIONS: for-
eign: powers
of.

power to do so, and even to provide for their construction by a corporation. The claim is that it has no power to provide for their construction by a foreign corporation, and especially by a foreign corporation like the American Construction Company, which is not expressly authorized by the laws of the State in which it is incorporated to extend its operations outside of the State. In our opinion this claim cannot be sustained. It is true a corporation can exercise no powers except such as are expressly granted and such as are reasonably incident thereto. But the power possessed by the American Construction Company to construct water-works appears to be ample. The articles of incorporation are set out, and they expressly provide for supplying water for municipal purposes. But it is said that by fair construction they must be held to mean only, for supplying water

Dodge v. The City of Council Bluffs.

for municipal purposes in the State of New York. We are asked to engraft upon the articles, by judicial construction, this restriction. Now, we might, perhaps, feel jus.ified in doing this if we could see anything in the nature of the business to lead us to think that the incorporators contemplated such restriction, but we do not. We think that they designed to make their field of operation as extensive as the cities needing their works. This appears to us to be the fair construction. Having reached this conclusion it only remains to be said upon this point, that the articles of incorporation must be taken to be the measure of the company's rightful power in the absence of any showing that the articles themselves are illegal. They are not, with the construction which we put upon them, in the nature of things, illegal, nor can they be held to be so merely by want of a statute in New York authorizing the company to do business or acquire interests beyond the limits of the State. It has never been held, so far as we are aware, that the right of a corporation to do business, or acquire interests beyond the limits of the State in which it is created, exists only by an express grant from the legislature of such State.

It is true it has been said that "a corporation must dwell in the place of its creation." *Bank of Augusta v. Earle*, 13 Peters, 519. Being an artificial person, a mere creature of law, it cannot go where the law by which it exists cannot go. An extra territorial corporate meeting, for instance, would be illegal. But a corporation is not for this reason prevented from sending its agents abroad for the transaction of business. *Bank of Augusta v. Earle*, above cited.

But is said that conceding that the American Construction Co. might make contracts, and do many kinds of business in

2. MUNICIPAL CORPORATIONS: FOREIGN CORPORATIONS: POWER TO CONDEMN PROPERTY.

Iowa, yet, being a foreign corporation, it cannot acquire such rights as the ordinance in question purports to confer. The argument is that it is only by inter-state comity that the right of a corporation

to make and enforce any contracts elsewhere than in the State where it is created is recognized; that the rights granted by the ordinance in question are in the nature of a public pre-rogative franchise, and that inter-state comity cannot properly be held to extend to such rights.

The ordinance confers upon the company the right to con-demn and appropriate private property necessary for the con-struction and operation of the water works. This right, it is said, cannot properly be granted to a foreign corporation. The plaintiff's rely upon the following authorities: *Runyon v. Coster's Lessee*, 14 Peters, 128; *Nashville Railway v. Cow-ardin*, 11 Humph., 348; *State v. Railroad Co*, 25 Vt., 435; *Ohio & M. R. Co. v. Wheeler*, 1 Black, 397; *Newbury Pe-troleum Co. v. Weare*, 27 Ohio St., 353; *Arm v. Conant*, 36 Vt., 749; *Thompson v. Waters*, 25 Mich., 221; *Aspenwall v. O. & M. R. Co.*, 2 Ind., 492; *Holbert v. St. Louis, K. C. & N. R. Co.*, 45 Iowa, 26. In the last case it was held that a railroad company incorporated in another State has no power in this State to condemn land for a right of way. Under that de-cision, and others above cited, we are not prepared to say that the American Construction Co. could, by reason of considerations of mere inter-state comity, be allowed under any ordinance which the defendant city could pass, to condemn and appro-priate private property for the construction and operation of its water-works, but it is certainly competent for the legislature to grant such power, and in our opinion, the legislature has granted it. Section 474 of the Code provides that cities and towns are authorized to condemn and appropriate so much private property as shall be necessary for the construction and operation of water-works, and when they shall authorize the construction and operation thereof by individuals or corpora-tions they may confer by ordinance upon such person or cor-poration the power to take and appropriate private property for said purpose." Now, while in form the power is not granted directly by the legislature to the proprietor of the water-works,

Dodge v. The City of Council Bluffs.

where the proprietor is other than the city or town, yet no point of that kind is raised by the plaintiffs' counsel, and none, we think, could be properly. The legislative intent to confer the power is abundantly manifest. This, we think, would not be questioned where individuals or a domestic corporation is proprietor. But it is said that we are not justified in supposing that the legislature contemplated a case where a foreign corporation is proprietor. In our opinion the statute will not justify the narrow construction which the plaintiffs would put upon it. The power given to cities and towns to contract with corporations for the construction and operation of water-works is general. If the intention had been to restrict them to domestic corporations it would have been easy to expressly so provide. But we cannot think that any such restriction was contemplated or deemed desirable. Where works are to be constructed for municipal purposes, requiring no inconsiderable capital, manufacturing facilities, experience, and skill, it is of great importance to cities and towns to be allowed to contract wherever and with whomsoever they can do so to the best advantage. Regarding this statute as conferring upon cities and towns the right to contract for water-works with foreign as well as domestic corporations, it follows, we think, that where a city or town does contract with a foreign corporation, such corporation may, under the statute, and a proper ordinance, have the right to condemn and appropriate private property necessary for the works.

At this point it is proper that we should consider one other objection urged to this view. It is said that it is contrary to the legislative policy of Iowa, as evinced by a provision of statute, whereby corporate powers are granted with a reservation, by which the legislature has the right to control articles of incorporation, by-laws, rules, and regulations of corporations. Code, § 1090. Now, the plaintiffs' argument is that as the legislature of Iowa cannot control the articles of incorporation, by-laws,

3. ——: ——:
power of the state to control.

rules, and regulations of foreign corporations, the legislature did not intend that cities and towns should be allowed to contract with foreign corporations for water-works.   But this reasoning, it appears to us, would carry us too far.   Corporations sustain no practical relation to the State or the inhabitants thereof except so far as they do business.   The objection, then, is to corporations doing business in this State without their articles of incorporation, by-laws, rules, and regulations being subject to the control of the legislature of this State. But we cannot hold that the legislature intended to prevent foreign corporations from doing business here.   The true idea appears to us to be this:   Every State has the power to reserve control over its own corporations.   Iowa has done so to a limited extent, but this does not prevent the transaction here by foreign corporations of all ordinary business, nor does it indicate that the statute in question should be so construed as to prevent them, under a proper ordinance, from condemning and appropriating priva e property.

But it is said that conceding that the defendant city had the power to pass an ordinance, providing for the construction and operation of water-works by a foreign corporation, the ordinance passed is objectionable and a court of equity ought to declare it void.

4. ———:
water-works:
exclusive
right.

The ordinance purports to grant an exclusive right.  Whether it was competent for the city to grant such right we need not determine.   If we should conclude that it was not, it is manifest that the ordinance would not be void.   It would result merely that the right granted is not exclusive, and the plaintiffs as mere tax-payers cannot properly raise that question. Such question cannot properly be raised until a conflict arises between the American Construction Co. and some person or persons, or corporation, claiming also a right from the defendant city to construct and operate water-works.   *Grant v. The City of Davenport*, 36 Iowa, 406.

The next objection urged is that the ordinance permits an.

Dodge v. The City of Council Bluffs.

improper assignment by the American Construction Co. The provision objected to is in these words: "The American Construction Co. shall have the right to make an assignment of all its rights and privileges under this ordinance to a water-works company which it may form under the laws of Iowa." Now, it is said that the American Construction Co. assumed certain obligations, and that the contract must have been entered into by the city in reliance upon its responsibility and character; that the city should not be allowed to provide in advance that the company might shift its obligations to another corporation which might lack the requisite responsibility and character. But we do not feel called upon to determine this question. Possibly the provision is void, but if so it would not give plaintiffs the right to the injunction prayed for. It would not affect the right of the company to proceed with its works.

*5.——: ordinance; assignment of right.*

Several other objections are urged to this ordinance, which do not, in our opinion, go to the validity of the ordinance itself, but which raise some merely incidental questions as to what can be done under the ordinance, and which it will be time enough to consider when the things provided for are attempted, and when we have before us as plaintiffs persons aggrieved thereby. Some other objections are urged, but they go merely to the wisdom of the ordinance, and they are not such that we should be justified in declaring it void.

One objection, however, deserves a separate consideration. The ordinance provides, in substance, that if the special tax authorized by law to be levied by the city for the payment of water rentals shall prove inadequate for that purpose, the city shall pay the deficit out of its current annual revenues.

*6.——: equity; contingent injuries.*

Section 475 of the Code provides for the levy of a special five mill tax for the payment of water rentals. There is certainly some reason for thinking that that was designed to be the limit. Now it is said that the company was proceeding to con-

struct its works in reliance in part upon the general revenues of the city, and it behooved the plaintiffs to interpose their objection in the outset to any payments therefrom; for they would be estopped from doing so after the company had expended money under the provisions of the ordinance. It has certainly been held that tax-payers may by delay and apparent acquiescence estop themselves from applying to a court of equity for an injunction to prevent the improper use of public funds. *Tash v. Adams*, 10 Cush., 253. On the other hand it has been held that such estoppel does not arise where the complainant's rights are clear, and the party setting up the estoppel must be deemed to have acted at his peril. *Borden v. Stein*, 27 Ala., 104. The defendants, in the case at bar, claim that whatever rights the plaintiffs have, if any, must be determined by a construction of the statute of which the defendants were bound to take notice. Whether this is a sufficient answer to the plaintiffs' position we need not determine. It is not certain there will be any deficit to be made good out of the general revenue. This action, so far as this point is concerned, is brought upon a mere contingency. Courts of equity lend themselves to prevent injuries which are imminent, not merely possible. The plaintiffs, it is true, aver that there will be a deficit; but we cannot hold that the demurrer admits the truth of this averment, because it is impossible, in the nature of things, to know that there will be a deficit.

Finally, it is said that the ordinance is invalid for want of due publication. The plaintiffs rely upon a provision of the original charter requiring ordinances to be published ten days, and the petition avers that this ordinance was not published that long. But an action of this kind cannot be maintained merely on the ground that at the time the action was brought publication of the ordinance was incomplete.

7. INJUNCTION: ordinance: publication.

In our opinion the judgment of the District Court must be

AFFIRMED.