## SEARLE v. ABRAHAM ET AL.

1. **Cities and Towns**: SECOND CONTRACT TO LIGHT STREETS: INJUNCTION BY TAX-PAYER: CREATION OF DEBT BEYOND LIMIT. Plaintiff, a citizen and tax-payer, sought to enjoin the council of his city from entering into a contract to light the streets, while a contract for the same purpose was in force with other parties. But since he failed to show that he would sustain any injury by the contemplated action of the council, *held* that he was not entitled to an injunction; and, as to his claim that such action would result in creating a debt in excess of the constitutional limit, *held* that, as a contract to that effect would be void, he could not, in advance of any steps taken by either party to carry it into effect, enjoin the parties from entering into it.

*Appeal from Mahaska District Court.*

FRIDAY, DECEMBER 16.

ACTION for an injunction to restrain the defendant city of Oskaloosa, and the other defendants as mayor and city council of the defendant city, from entering into a contract with the Edison Electric Light Company for lighting the streets of the city. A temporary injunction was granted, and afterwards the same was on motion dissolved. From the order dissolving the injunction the plaintiff appeals.

*J. F. & W. R. Lacey*, for appellant.

*J. O. Malcolm* and *L. C. Blanchard*, for appellees.

ADAMS, CH. J.—The plaintiff avers that he is a citizen and tax-payer of the city of Oskaloosa; that the city has made a

provision for lighting its streets by a contract with the Oska-
loosa Gas Company, which is still in force, and that the city
has exhausted its power for lighting its streets; that, not-
withstanding such fact, the officers of the city are about to
enter into a contract with the Edison Electric Light Com-
pany to light the same lamps, and that by such contract the
city will increase its indebtedness beyond the constitutional
limit.  The defendants deny that there is any contract in
force between the city and the Oskaloosa Gas Light Com-
pany; and it contends that in any event the plaintiff, as a
citizen and tax-payer, is not entitled to maintain an action
for an injunction to restrain the city council from entering
into another contract for lighting the streets.

We do not think that it is necessary to determine the
question as to the validity of the alleged contract between
the city and the Oskaloosa Gas Light Company.  For the
purposes of the opinion, it may be conceded that it is valid.
It is to be observed that the company is not complaining.
The complaint is made by a mere citizen and tax-payer, and
on the ground that his taxes will be increased.  He claims,
indeed, to have shown that the taxes of the city will be
increased even beyond the constitutional limit.  In respect
to the latter position, that the contract would create an
indebtedness in excess of the constitutional limit, we have to
say that, as such contract could not be enforced, we do not
think that the plaintiff has any ground of complaint, at
least in advance of any steps taken by either party towards
a performance of the contract.  But we do not think that it
is made to appear that the plaintiff's taxes would be increased
at all.   The Oskaloosa Gas Light Company may have neither
the ability nor desire to perform its contract.   If this is so, the
city might properly enough make other provision for light-
ing its streets.   In no event would the city be liable to the
Oskaloosa Gas Light Company for more than the damages
which it would sustain by reason of the refusal of the city
to take and pay for its gas; and it may be that the damages

would be such, if any, that the city could afford to pay them in consideration of a cheaper or better service by the other company.

The plaintiff does not show, with any reasonable certainty, that he would sustain any injury by the contemplated action of the council. Without such showing, we do not think that he is entitled to an injunction. (*Dodge v. City of Council Bluffs*, 57 Iowa, 560; *Des Moines Gas Co. v. City of Des Moines*, 44 Id., 510; *Dodge v. Woolsey*, 18 How., 331.) In our opinion the injunction was rightly dissolved. AFFIRMED.