W. H. BAIN v. CITY OF GOLDSBORO.

(Filed 10 December, 1913.)

1. Taxation—Cities and Towns—Bond Issues—Waterworks—Vote
    of the People — Constitutional Law—Necessaries—Interpreta-
    tion of Statutes.

    Bonds issued for purpose of enlarging and improving the
    waterworks system of a town and authorized by legislative en-
    actment, are for a necessary expense and valid without the ques-

tion of their issue having been submitted to the qualified voters of the municipality, when the statutes do not so require; and chapter 86, Laws 1911, and chapter 201, sec. 3, Public Laws 1913, have no application.

2. Taxation—Cities and Towns—Waterworks—Bond Issues—Injunction—Excessive Tax—Burden of Proof.

Where the issuance of municipal bonds for enlarging and improving the waterworks system of the town are sought to be enjoined by a taxpayer on the ground that the present tax rate is burdensome, and the issuance would increase this rate beyond the limitation placed by the statutes, the burden is upon the plaintiff to show that the tax rate would be unlawfully increased, which in the present case would involve the question of the increase in revenue of the town by the receipts from the waterworks plant.

APPEAL by plaintiff from an order of *Daniels, J.,* rendered at chambers, 1 December, 1913; from WAYNE.

The General Assembly, at its special session of 1913 (Private Laws, ch. 30), authorized the city of Goldsboro to issue bonds in the total sum of $20,000 for the purpose of completing the enlargement and improvement of its waterworks plant and system, said bonds to run for thirty years, and provided for a specified tax to pay accruing interest and the principal at its maturity. The defendants propose to issue the bonds thus authorized without submitting the question of their issue to the qualified voters of the city. It is alleged by plaintiff, in his complaint, he being a citizen and taxpayer of Goldsboro, that the term of the present members of the board of aldermen of the city will expire in May, 1915; that the population of the city is approximately 8,000 and the assessed valuation of all real and personal property within its corporate limits is approximately four and one-half millions of dollars and the rate of taxation at the present time 94 cents on the assessed valuation of real and personal property and $2.82 on each poll. Plaintiff asks for an injunction against the issuance of the bonds. The court, upon the pleadings, denied the application, and he appealed.

*R. M. Robinson for plaintiff.*
*D. C. Humphrey for defendant.*

WALKER, J., after stating the case: We think the judgment was correct. No popular vote was required, as none is provided for in the act of 1913, and it was evidently contemplated by the Legislature, in passing the act, that there should be none. The act of 1911, ch. 86, was intended to apply to municipal corporations whose charters make no special provision for the establishment or improvement of waterworks, sewerage, or lighting plants and systems. *Murphy v. Webb,* 156 N. C., 402. This case also holds that the cost of the improvements for which the bonds in question are to be issued fall within the general class and description of necessary expenses, which do not require a favorable vote of the people before the bonds are issued. *Bradshaw v. High Point,* 151 N. C., 517; *Fawcett v. Mount Airy,* 134 N. C., 125; *Robinson v. Goldsboro,* 135 N. C., 382, to which may be added *Water Co. v. Trustees,* 151 N. C., 171, as involving the question we are now discussing.

The clause of the revenue act (Public Laws 1913, ch. 201, sec. 3), limiting the rate of municipal taxation to 1 per centum on the value of real and personal property, does not apply to our facts, as the Legislature has given special authority to levy the tax for the payment of the principal and interest of the bonds to be issued by the defendant, which brings this case within the exception of that section.

There is nothing in the facts, as now presented, to show that the issue of the bonds or the levy of the tax for the purpose of paying principal and interest is contrary to any prohibition, restriction or limitation of the law as regards the power of municipal corporations to contract a debt or impose a tax upon its citizens. Plaintiff, being the actor and holding the affirmative, is required to take the burden of proving wherein any such conflict between the proposed action of defendant and the law exists. This he has not done, according to our view of the facts. The case seems to be fully covered by the reasoning in *Wharton v. Greensboro,* 146 N. C., 356, and especially by the decision in *Underwood v. Ashboro,* 152 N. C., 641, where the *Chief Justice* says: "It does not appear that, after deducting rentals and profits of the water system, the levy to pay interest on these

bonds would probably swell the total levy for other than special purposes (which are authorized by special statute) beyond the limitation in Revisal, sec. 2924, or Revisal, sec. 5110. The burden of showing this was on the plaintiff asking for an injunction." This places the burden where it properly belongs, and the same rule is applicable to Revisal, sec. 2977, as to the 10 per cent restriction upon the right of such a corporation to contract debts, pledge its faith, or loan its credit, which section was considered in *Wharton v. Greensboro, supra*, where *Justice Brown* says: "A special purpose within the meaning of the statute embraces all forms of debt not within the legitimate necessary expenses of the municipality." Where the facts do not appear, we must presume that they do not exist, or, otherwise, the party who asserts and relies on their existence would have brought them forward; and, besides, it is incumbent upon the appellant to show error affirmatively in such a case.

Affirmed.