EDENTON ICE AND COLD STORAGE COMPANY v. TOWN OF PLYMOUTH, H. V. AUSTIN, MAYOR, AND C. McGOWAN, CHAIRMAN OF THE BOARD OF PUBLIC WORKS.

(Filed 22 September, 1926.)

**1. Municipal Corporations—Ice Factory—Public Utilities—Taxation—Injunction—Ultra Vires Acts.**

A corporation engaged in the manufacture of ice in a different locality from a town manufacturing ice, and which is not a taxpayer thereof, may not enjoin the town from manufacturing the product on the ground that the act was *ultra vires*, and was the unlawful taking of the money of the taxpayers for a private business enterprise, especially when it is made to appear that the profits supplemented the money necessary to maintain a municipal utility operated under the same municipal management.

**2. Same—Independent Sale to Citizen—Principal and Agent—Competition.**

An injunction will not issue to stop an incorporated city or town from manufacturing ice on the ground that the plaintiff is a corporation elsewhere existing in the State, and that the defendant, exempt from taxation, was selling ice to other than its own inhabitants in competition with the plaintiff, when it is made to appear that the defendant town was only selling its manufactured product to one of its citizens at the price available to all dealers therein, who personally was a competitor of the plaintiff, and not as an agent of the municipality.

**3. Injunction—Appeal and Error—Evidence—Facts Found — Presumptions—Approval of Findings.**

Upon appeal where injunctive relief is sought, as in this case, there is a presumption in favor of the ruling of the lower court when supported by evidence, and while the Supreme Court is not bound by such ruling, it is approved upon the record in the instant case.

APPEAL by plaintiff from an order of *Grady, J.,* at Chambers in HERTFORD, 4 August, 1926. Affirmed.

The plaintiff, having its principal office in Edenton, Chowan County, is a corporation organized under the laws of North Carolina and engaged in the manufacture and sale of ice. The town of Plymouth is a municipal corporation in the county of Washington. H. V. Austin is the mayor, and C. McGowan is a member of the board of commissioners.

The plaintiff brought suit in the Superior Court of Washington County to enjoin the town of Plymouth and its agents from selling ice outside the corporate limits of the town as well as within the corporate limits for the purpose of effecting resales in other territory. The substantial allegations are that for about thirty years the plaintiff has been engaged in the business of selling ice in several towns and villages in Washington and Tyrrell counties, other than Plymouth, and is now able to furnish a quantity sufficient for the needs of these places; that for a number of years the defendant corporation has manufactured ice and sold it to the inhabitants of the town; that during the summer of 1926 it sold and has since continued to sell its manufactured product outside the town and within the area covered by the plaintiff's sales in competition with the plaintiff and without authority of law. It is further alleged that the plaintiff is a private corporation, paying an income, franchise, privilege and *ad valorem* tax, while said defendant is exempt from taxation and is supported by the taxation of its inhabitants; that the municipality conducts a private enterprise; that its acts are *ultra vires,* constituting an invasion of the plaintiff's rights and causing it irreparable damage. The allegations in the complaint are supported by affidavits of J. H. Conger, manager of the plaintiff.

The defendants' affidavits tend to show that the town of Plymouth owns an electric light, water, and ice plant, which is operated as an inseparable unit, each unit depending upon the others for the successful and economical operation of the plant, and no department engaging exclusively in the manufacture of ice; that the revenue derived from the sale of ice is necessary to the maintenance of the plant, the light and water departments not being self-sustaining; that the town does not sell ice outside its corporate limits or attempt to control such sale. There is no other ice plant in the town.

Upon consideration of the complaint and the affidavits the trial court dissolved the restraining order and the plaintiff excepted and appealed.

*W. D. Pruden for plaintiff.*
*Zeb Vance Norman for defendants.*

ADAMS, J. The basis of the plaintiff's demand for equitable relief is the allegation that the town of Plymouth, through the agency of its co-

defendants, is directly or indirectly engaged in the business of selling ice outside its corporate limits without authority of law, to the irreparable injury of the plaintiff. In reference to this allegation the presiding judge, by consent of all parties, found and in substance set out in his order the following facts: The principal defendant is a municipal corporation owning a public utilities plant; all the machinery is propelled by the same power and all the departments are under the same management; the town manufactures and sells to its citizens at rates fixed by the board of commissioners both ice and electricity; it has no board of public works, but its governmental functions are under the direction of a board of commissioners, which is the governing body of the town; the defendant, McGowan, is a member of this board, and is privately engaged in the business of buying and selling ice; he buys ice from the town plant at the prescribed rates, loads it on trucks, and then carries it away and sells it to his customers in various places outside the corporate limits of Plymouth.

The plaintiff, insisting that the restraining order should have been continued to the hearing, first rests its argument on the proposition that the defendant has no legal right as a municipal corporation to engage in the business of manufacturing ice; that municipal corporations have only such powers as are expressly granted or necessarily implied; that the record does not reveal the express grant to the defendant of any such authority; and further, that the manufacture of ice is neither a governmental nor a municipal function, and that such power is therefore not implied. This position raises a question as to which there is diversity of opinion. Some of the authorities hold that the manufacture of ice by a municipal corporation and its distribution among the inhabitants is objectionable as involving the possibility of taxation for a purpose not public; others have said that such commodities as ice and coal, on account of the limited sources of supply, do not offer competition as untrammeled as that which obtains in the ordinary articles of commerce, and that for this reason they are proper subjects of municipal traffic. 19 R. C. L., 719(27), 721(28); *Ice and Coal Co. v. Ruston,* 54 L. R. A. (1915B) (La.), 859; *Holton v. Camilla,* 31 L. R. A., N. S. (Ga.), 116, and annotation; *Laughlin v. Portland,* 51 L. R. A., N. S. (Me.), 1143, and annotation. This Court has never decided the exact question, and while keeping in mind the power of municipal corporations with respect to public utilities (C. S., 2787(3), we entertain the opinion that a decision of the point is not necessary to a disposition of the appeal. The plaintiff says, first, that the defendant's act was *ultra vires;* and, in the next place, if not *ultra vires* as to the manufacture and sale of ice within the corporate limits, that the defendant's attempted operation of a public utility in competition with the plaintiff's

business in places outside its corporate limits is unlawful and that it should be enjoined. In one of the affidavits filed by the plaintiff it is averred that the defendant is using the money of the taxpayers of the town for purposes that are unauthorized; and it is asserted by the defendant that neither the electric nor the water department is self-sustaining, and that the making of ice saves the plant from actual loss. Suppose the defendant's manufacture of ice is *ultra vires;* suppose it involves the unlawful imposition of a tax or the wrongful application of revenue; if the taxpayers of the town are satisfied has the plaintiff a cause of action? It owns no property in Plymouth; it is neither a resident of the town nor a taxpayer therein, and it can hardly be financially concerned with the town's governmental or municipal affairs. Unless otherwise provided by statute, a suit of this nature as a rule should be brought by a taxpayer, though he need not be a resident of the town or an individual as distinguished from a corporation. In *Merrimon v. Paving Co.,* 142 N. C., 539, 546, it is said that such actions are maintainable on the theory that the governing body of a municipal corporation occupies a position analogous to that of a trustee and that the inhabitants occupy the position of *cestuis que trustent.* The plaintiff obviously is not of this class; it therefore cannot restrain the corporate acts of the defendant performed within the corporate limits on the ground that they are *ultra vires,* particularly when inferentially approved by those who pay the taxes and support the local government. 5 McQuillan on Munic. Corp., secs. 2585, 2586, 2593. See *Jones v. North Wilkesboro,* 150 N. C., 646; *Moore v. Meroney,* 154 N. C., 158; *Bain v. Goldsboro,* 164 N. C., 102. In fact, we understand the plaintiff practically to concede that it is not entitled to injunctive relief if the alleged wrongful acts of the defendant are done within the corporate boundaries; but the plaintiff contends that the defendant's sales are not confined to the town, but extend to various places several miles away. The evidence in support of this contention is not convincing. The court below found as a fact that the defendant sells the ice to its own citizens; there is no evidence that it has made any sales to people living outside the town. Of course the findings of fact are not binding upon us in a matter of this kind, but they are presumed to be correct, and upon an examination of the entire record we approve the judge's finding in this respect.

If the defendant's sales are confined to its own citizens it necessarily follows that such sales do not *per se* constitute an invasion of the plaintiff's legal rights under the doctrine announced in the decisions relied on by the plaintiff. See *Springfield Co. v. Springfield,* 18 L. R. A. (Ill.), 929. It may be otherwise if at the final hearing the plaintiff is able to show that the defendant in fact sells the ice through the agency

of McGowan; but this allegation is not now shown with sufficient clearness to justify the desired relief.

There is another phase of the case. Is the plaintiff entitled to equitable relief against the defendant McGowan? The cause of action as stated in the fourth paragraph of the complaint is, that beginning with the summer of 1926, the town of Plymouth, acting .through its officers and agents, and particularly through the defendants Austin and McGowan, sold and has since continued to sell ice outside its corporate limits. The transactions denounced are treated as the wrongful acts of the town; no individual cause of action is alleged against either of the other defendants. True, the plaintiff's brief refers to C. S., 4388, but there is no allegation, and we presume no contention that McGowan's contract with the municipality, even if nonenforceable between the parties, is a subject of injunctive relief in the present controversy. As McGowan is said to have acted in the capacity of an agent the point does not call for discussion. *Respass v. Spinning Co.,* 191 N. C., 809.

As the record is presented to us, we think the judgment should be Affirmed.