DONOVAN CONSTRUCTION COMPANY et al., Appellees, v. CITY OF WATERLOO et al., Appellants.

No. 40328.

June 23, 1930.

Rehearing Denied December 13, 1930.

*Carleton Sias, Stipp, Perry, Bannister, Starzinger & Little,
P. H. Frank,* and *George E. Pike,* for appellants.

*Pickett & Swisher,* for appellees.

Morling, C. J.—Defendant council, pursuant to resolution of necessity, ordered as a street improvement the construction of electric lighting fixtures along the streets named. The names of the owners of the property along these streets proposed to be assessed are not shown in this record. Proposals were called for, and among the bidders were the plaintiff Donovan Construction Company and the defendant A. C. Sweetman Electric Company. The form of proposals submitted to bidders called for bids on a number of specified different combinations of light standards and lighting units. Some of the standards specified were iron, and some were concrete. The plaintiff Donovan Construction Company submitted bids on two several combinations, one using concrete standards, and one using iron standards (together with lighting units and the other items necessary to complete the job). The Donovan Construction Company bid using concrete standards totaled $52,563.22. Its bid using iron standards totaled $55,215.71. Defendant Sweetman Company submitted five bids,

on five several combinations, one of which (the one that was accepted), using Headford Bros. & Hitchins iron standards, was for $56,554. Plaintiff's claim is that the Donovan bid for $52,-563.22 was the lowest bid; that the city did not reserve the right to select between the different types of construction or classes of material or combinations, but was required, if it accepted any of the bids, to accept the bid that was the lowest, irrespective of, and without right to later choose between, the combinations or types. If this was the requirement, then, unless all bids were rejected, the Donovan Company was, plaintiff argues, the lowest bidder, and was entitled to the contract, and the city was required to accept the concrete standards. Defendants' contention is that the city submitted the different combinations to competition in bidding on each severally, and had the right to select any one of the combinations, so long as the city awarded the contract to the lowest bidder upon the combination selected.

I. Defendants contend that the Donovan Construction Company sues only in virtue of its alleged right as the successful bidder; that such right is conclusively adjudged against the Donovan Company by the decree denying its demands, from which the Donovan Company has not appealed; that the remaining plaintiff, Waterloo Realty Company, sues only in the capacity of alleged owner of property against which special assessments for the proposed improvement are to be levied; that the plaintiffs have not proved that the Waterloo Realty Company is the owner of property subject to special assessment; that the Waterloo Realty Company, therefore, on the dismissal of the petition as to the Donovan Construction Company, had no further right to maintain the action, and the petition should have been dismissed also as to the Waterloo Realty Company.

The record shows that, after this action was commenced, the city took proceedings whereby it purported to eliminate a part of the work and a part of the benefited property. Plaintiffs' contention here is that the purpose of these proceedings was to defeat the right of action of the Waterloo Realty Company. The record, however, does not show that the Waterloo Realty Company is the owner of any property subjected to special assessment for the improvement in question. It does not show that the Waterloo Realty Company is the owner of any of the property so attempted to be eliminated.

Plaintiffs' only allegations respecting their qualifications to bring this suit are that the Donovan Construction Company is the contractor which made the lowest bid, and (in Paragraph 1 of the petition) "that the other plaintiffs are residents and property owners of the city of Waterloo, Iowa, and are owners of property against which assessments are proposed to be made for a part of the cost of the construction of the electric lighting fixtures * * * hereinafter referred to."

Paragraph 11 alleges:

"That the plaintiff property owners whose property is subject to assessment for a part of the cost of doing said work are interested in the letting of said contract and the doing of said work, and are interested in having the low bid accepted and the work done at the lowest possible cost to said property owners."

There are relevant allegations in the reply which will be later referred to.

The Sweetman Company answer admitted the allegations of Paragraph 1 of the petition, "except the allegation that the plaintiffs other than the Donovan Construction Company are owners of property against which assessments are proposed to be made for a part of the cost of the construction of the electrical lighting fixtures on certain streets in Waterloo, Iowa, which allegation these defendants deny."

The answer of the other defendants contains substantially the same denial. Answering Paragraph 11, they deny that plaintiffs, or either of them, had property subject to assessment for any part of the cost of the work in question, and deny "that either of them are interested in the letting of said contract as property owners, and deny that either of them have any interest as claimed in the petition in the letting of the contract or in the maintenance of the cause of action set forth in the petition." Paragraph 11 was also denied by virtue of a general denial in the Sweetman answer. Plaintiffs say that the allegation that the Waterloo Realty Company "are residents and property owners of the city of Waterloo" is not denied. This allegation, however, is not that plaintiffs are taxpayers of the city of Waterloo. They may be residents and the owners of property and still not be taxpayers. Besides, the defendants deny that plaintiffs are interested in the letting of the contract as property owners, deny that either of the plaintiffs has "any interest as claimed in the pe-

tition in the letting of the contract or in the maintenance of the cause of action.'' These denials clearly put in issue the plaintiffs' right to maintain the action.

Plaintiffs' reply alleges representations on the part of the city to the Donovan Construction Company that any of the types ''which had been selected and determined upon by the city * * * would be satisfactory to said city, and that the purpose of making the selection of several types * * * was for the purpose of determining the ones which would be satisfactory * * * so that prospective bidders could bid upon one or more of said types without bidding upon all.'' Plaintiffs in further reply allege that the Donovan Construction Company endeavored to induce the city to reconsider its action and award the contract to the Donovan Construction Company, and that, when the city refused to do so, the Donovan Construction Company commenced this action, and has at all times been ready to enter into the contract. The reply alleges that the city was advised, immediately after its action in attempting to accept a higher bid than that of the Donovan Construction Company, that the Donovan Construction Company would insist upon its right to the contract. The reply further alleges that the signing of the contract was deferred until the city, instead of consenting to a hearing, endeavored to change its proceedings by eliminating the property of the plaintiff Waterloo Realty Company. By amendment filed after the close of the testimony on which issue was joined, plaintiffs allege that the action of the city in signing the contract was wrongful, and that any attempt to assess the cost of the work against the plaintiff property owner and taxpayer would be wrongful and unauthorized.

It is plain that the theory of the action in the main is that the Donovan Construction Company was entitled to the contract, and secondarily, that it was proposed to wrongfully assess the property of the Waterloo Realty Company for a part of the cost of the work illegally let to the Sweetman Company.

By the proceedings of the city council, which are here attacked, it is proposed to assess the cost of the improvement upon benefited property and to pay any deficiency out of the improvement fund. We need not consider the right of the Donovan Construction Company as the alleged successful bidder to maintain the action, for the rights of that company are no longer

involved. The Waterloo Realty Company must allege and prove an interest which is or will be adversely affected by the municipal action attacked. Its allegation is that it is the owner of property against which assessments are proposed to be made for the cost of the work sought to be enjoined. This allegation, though denied, is wholly unproved. If the plaintiffs' allegations may be expanded so as to give the Waterloo Realty Company the position of suing as a taxpayer having an interest in the improvement fund out of which a deficit in the amount of the special assessments may be paid, then the plaintiff has failed to prove that it is a taxpayer or interested in the improvement fund, or that the special assessments will be insufficient to pay the cost of the work, or that there will be any deficit, or that any fund in which it, as a taxpayer, will be interested, will be resorted to. In short, plaintiff has failed to prove that it is a taxpayer, or that its interest as a taxpayer will be in any degree injuriously affected by the action attacked. The Waterloo Realty Company, therefore, has not the standing essential to a right to annul the action of the governing body of the defendant city. *Brockman v. City of Creston,* 79 Iowa 587, 592; *Iowa Pub. Serv. Co. v. City of Emmetsburg,* 210 Iowa 300; *Commonwealth of Massachusetts v. Mellon,* 262 U. S. 447 (67 L. Ed. 1078, 1085) ; *Edenton I. & C. S. Co. v. Town of Plymouth,* 192 N. C. 180 (134 S. E. 449).

It is said in *Dodge v. City of Council Bluffs,* 57 Iowa 560, 568:

"This action, so far as this point is concerned, is brought upon a mere contingency. Courts of equity lend themselves to prevent injuries which are imminent, not merely possible. The plaintiffs, it is true, aver that there will be a deficit [there is no such averment here] ; but we cannot hold that the demurrer admits the truth of this averment, because it is impossible, in the nature of things, to know that there will be a deficit."

And in *Searle v. Abraham,* 73 Iowa 507, 509:

"The plaintiff does not show, with any reasonable certainty, that he would sustain any injury by the contemplated action of the council. Without such showing, we do not think that he is entitled to an injunction."

See, also, 44 Corpus Juris 1398, 1433; 19 Ruling Case Law 1164; 7 Idem, Perm. Supp. 4774.

512

Plaintiffs argue that the case was tried on the theory that the Waterloo Realty Company was a property owner and taxpayer, but that the city, by eliminating from the contract the property of the Waterloo Realty Company and disclaiming any intention to levy special assessment against its property, thereby eliminated plaintiff as an objector. But the plaintiffs' right to maintain the action and their interest as claimed in the petition were squarely put in issue. That issue was not waived or supplanted by a practical issue. Plaintiffs have failed to sustain their right to sue.

Whether, under particular circumstances, an inhabitant of the municipality may sue to enjoin the illegal expenditure or dissipation of municipal funds, we need not inquire.

Plaintiffs have failed to show that they would be injured by the proposed improvements. They are not entitled to maintain the action. This conclusion renders it unnecessary to protract the opinion by discussing the alleged illegality of the proposed contract between the defendant city and the A. C. Sweetman Electric Company.—*Reversed.*

All the justices concur.